IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Douglas W. Higgins, | ) |
|               Plaintiff, | ) |
| v. | ) Civil Action No. 9:20-cv-3424-BHH |
| | ) **ORDER** |
| Catalyst Exhibits, Tru Services Group, Inc., Timothy Roberts, and David Larsen, | ) |
|              Defendants. | ) |

In this action, Defendants Catalyst Exhibits, Inc. ("Catalyst"), Tru Services Group, Inc. ("Tru"), Timothy Roberts ("Roberts"), and David Larsen ("Larsen") (collectively "Defendants") have moved to dismiss Plaintiff Douglas W. Higgins' ("Plaintiff") complaint for lack of personal jurisdiction and improper venue, pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure. Alternatively, Defendants request that the Court transfer this case to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1406(a) and 1404(a). For the reasons set forth herein, the Court grants Defendants' motion and transfers this action to United States District Court for the Eastern District of Wisconsin.

## BACKGROUND

Plaintiff filed this action in the Court of Common Pleas for Beaufort County on August 12, 2020, and Defendants removed the action to this Court on September 25, 2020. In his complaint, Plaintiff alleges claims for breach of contract, fraudulent inducement, negligent misrepresentation, and promissory estoppel, arising out of Plaintiffs' employment

by Defendants.  Specifically, Plaintiff alleges that Defendants agreed to pay him an annual salary of $275,000.00, guaranteed for two years, and that Defendants breached the employment contract.  (ECF No. 1-1 ¶¶ 58, 60.)  Plaintiff further alleges that Defendants made numerous false representations when hiring Plaintiff, and that Defendants never intended to pay Plaintiff an annual salary of $275,000.00 for two years.  (*Id.* ¶¶ 64, 72.)  Plaintiff asserts that he relied upon Defendants' representations by resigning from a company where he had worked for over 32 years.  (*Id.* ¶ 81.)  In connection with his claims, Plaintiff seeks declaratory relief and an award of actual damages and punitive damages, as well as attorney's fees and costs.

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(2)

When a non-resident defendant challenges a court's power to exercise personal jurisdiction over him by filing a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence."  *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)) (internal quotation marks omitted); *see also Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) ("[A] defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge.").  Additionally, when a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing and by relying on the complaint and affidavits alone, "the burden on the

2

plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *In re Celotex Corp.*, 124 F.3d at 628 (quoting *Combs*, 886 F.2d at 676) (internal quotation marks omitted). The district court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* While the Court must construe all factual allegations in the light most favorable to the nonmoving party, the showing of personal jurisdiction "must be based on specific facts set forth in the record in order to defeat [a] motion to dismiss." *Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). In ruling on a motion to dismiss for lack of personal jurisdiction, the Court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. *Id.*; *see also Mylan Labs., Inc. v. Akzo*, N.V., 2 F.3d 56, 62 (4th Cir. 1993)) (explaining how courts may consider affidavits from any party when applying the prima facie standard).

## II.     Rule 12(b)(3)

Under Rule 12(b)(3), a defendant may move to dismiss an action as brought in an improper venue. On such motion, the plaintiff "bears the burden of establishing that venue is proper." *Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575, 586 (D.S.C. 2010). But the plaintiff need "make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365-66 (4th Cir. 2012) (citation omitted). Courts must view the facts in the light most favorable to the plaintiff when determining whether plaintiff has made a prima facie showing of proper venue. *Id.*

3

# DISCUSSION

## I. Personal Jurisdiction

A federal court may exercise personal jurisdiction over a defendant in the matter provided by state law. Fed. R. Civ. P. 4(K)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). "Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause."[1] *ESAB Grp.*, 126 F.3d at 623. Therefore, the appropriate question for a court considering a personal jurisdiction defense raised by an out-of-state defendant is whether that defendant has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316

---

[1] South Carolina's long arm statute provides:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial business revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in party by either party in this State; or (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803(A) (2005).

(1945) (stating that the exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum state, such that requiring the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice.")); *see Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 834 (D.S.C. 2015) ("Because the South Carolina long-arm statute is coextensive with the Due Process Clause, the sole question on a motion to dismiss for lack of personal jurisdiction is whether the exercise of personal jurisdiction would violate due process.") (citing *Tuttle Dozer Works, Inc. v. Gyro-Trac (USA), Inc.*, 463 F. Supp. 2d 544, 547 (D.S.C. 2006), and *Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (2005))).

Personal jurisdiction may arise generally or specifically based on the conduct alleged in the suit. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009); *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). Under general jurisdiction, a defendant's contacts or activities in the forum state are not the basis for the suit, but the defendant may be sued in this court "for any reason, regardless of where the relevant conduct occurred," because its activities in South Carolina are "continuous and systematic." *CFA Inst.*, 551 F.3d at 292 n. 15. These activities must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.*, 326 U.S. at 318. When the defendant is a corporation, "general jurisdiction requires affiliations 'so continuous and systematic as to render [the foreign corporation] essentially at home in the forum State,' i.e., comparable to a domestic enterprise in that State." *Daimler AG v.*

*Bauman*, 571 U.S. 117, 133 n.11 (2014) (internal citation and quotation marks omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 576 U.S. 915, 919 (2011)).

Under specific jurisdiction, on the other hand, a defendant may be sued in the forum state if the litigation results from alleged injuries that arose out of or is related to the defendant's contacts with the forum state, and those contacts were sufficient. *See, e.g., Helicopteros Nacionales de Colombia*, S.A. v. Hall, 466 U.S. 408, 414 (1984). To determine whether specific jurisdiction exists, courts employ a "minimum contacts" analysis that examines "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc.*, 293 F.3d at 712. Because this three-part inquiry "'focuses on the relationship among the defendant, the forum, and the litigation,'" the Supreme Court has emphasized "[t]wo related aspects of this necessary relationship." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation marks omitted) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.*

6

Case 2:21-cv-01021-WED   Filed 08/31/21   Page 6 of 12   Document 14

Here, Plaintiff apparently concedes that the Court lacks general personal jurisdiction over Defendants.[2] Instead, Plaintiff argues that the Court may exercise specific personal jurisdiction over Defendants. Specifically, Plaintiff asserts that Defendants "conducted business in South Carolina in the form of solicitation, contract negotiation, and employee management." (ECF No. 10 at 2 (citing Compl. ¶¶ 37-40 and Declaration Higgins, ¶¶ 13-15).) Plaintiff further asserts that Defendants "received the benefit of Plaintiff's employment performance in South Carolina"; that Defendants "directly supervised Plaintiff's work which took place in South Carolina"; and that the employment contract was to be performed in South Carolina. (*Id.* (citing Compl. ¶¶ 44,45 and Declaration Higgins, ¶¶ 13-15).)

After review, and construing all factual allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to make a prima facie showing of specific facts that would support a sufficient jurisdictional basis in this Court. First, Plaintiff does not refute that the corporate Defendants have never been licensed to conduct business in South Carolina; the individual Defendants have never been to South Carolina; and no Defendants have ever leased, rented, or owned property in South Carolina. (ECF Nos. 9-2 and 9-3.) Moreover, Plaintiff admits that Defendants offered him employment while he was living in Georgia. (ECF No. 10-1 at 2.) Even assuming that Plaintiff informed Defendants of his intent to move to South Carolina and accepted the offer of employment from his home in South Carolina, he admits that he flew to Wisconsin to meet with Defendants and

---

[2] Indeed, it is clear to the Court, based on the information before it, that the Court lacks general personal jurisdiction over Defendants, as Defendants' activities in South Carolina are not continuous and systematic, and Defendants cannot be said to be "at home" in South Carolina. (ECF No. 10 at 2.)

discuss his start date and that he flew to Wisconsin on multiple occasions for company meetings.

Furthermore, there is no suggestion that Plaintiff's contract specified where Plaintiff's work was to be performed. *See e.g.*, *File Image Servs., LLC v. Klein*, No. 09-484, 2009 WL 2412443, at *2 (E.D. Wis. 2009) (finding that even if "defendants were fully aware that the plaintiff had relocated to Wisconsin, this is insufficient to cause defendants to be subject to the jurisdiction of Wisconsin courts" when "[t]here was no suggestion that the contract specified where the work was to be performed"); *see also Embry v. Hibbard Inshore, LLC*, 803 F. App'x 746, 748 (5th Cir. 2020) ("We do not see that Hibbard's awareness of where Embry moved two years after being hired and where he eventually lived while working remotely supports that Hibbard purposefully directed activities toward Louisiana."); *see also See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (explaining that sufficient minimum contacts cannot arise from the "unilateral activity of another party or a third person"). Likewise, there is no evidence to suggest that Defendants ever transacted business or supplied services in South Carolina, or that Defendants hired Plaintiff with the intent for him to transact business or supply services in South Carolina. In fact, the unrefuted information before the Court indicates that Plaintiff simply worked remotely from South Carolina, selling trade show labor services nationwide, and that the business Plaintiff actually developed arose in states other than South Carolina.

With respect to Plaintiff's assertion that Defendants managed his employment through phone calls and emails directed to South Carolina, the Court finds such contacts

8

Case 2:21-cv-01021-WED   Filed 08/31/21   Page 8 of 12   Document 14

insufficient to establish minimum contacts under the circumstances. *See Neal v. Cigniti Techs., Inc.*, No. 0:18-262-JMC-PJG, 2018 WL 4782330, at *3 (D.S.C. Aug. 9, 2018), *report and recommendation adopted,* No. 0:18-CV-00262-JMC, 2018 WL 4775570 (D.S.C. Oct. 3, 2018), *order vacated on reconsideration*, No. 0:18-CV-00262-JMC, 2018 WL 5719995 (D.S.C. Nov. 1, 2018) ("Here, Cigniti cannot be said to have performed purposeful acts to create a substantial connection with the forum state simply because it sent communications to Neal, who happened to be in South Carolina through no purposeful act of Cigniti."). Additionally, Plaintiff's assertion that he generated revenue for Defendants from his home in South Carolina is equally unavailing. As the Supreme Court stated in *Walden,* a "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." 571 U.S. at 285.

In all, the Court finds that Plaintiff has failed to make a prima facie showing that Defendants purposely availed themselves of the privilege of conducting activities in South Carolina, or that any of Defendants' activities underlying Plaintiff's claims were directed at South Carolina. Accordingly, the Court finds that it lacks personal jurisdiction over Defendants, as maintenance of this suit would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.

Finally, with respect to Plaintiff's request for the opportunity to conduct jurisdictional discovery, the Court finds that Plaintiff has failed to articulate how his discovery request is reasonably likely to lead to facts sufficient to withstand Defendants' motion to dismiss. Accordingly, the Court denies Plaintiff's request.

## II. <u>Venue</u>

In addition to asserting that personal jurisdiction is lacking, Defendants argue that venue is not proper in this Court. According to 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ." or "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(2) and (3).

After a thorough review of the record, and for many of the reasons previously set forth, the Court agrees with Defendants that Plaintiff has not satisfied his burden of making a prima facie showing that venue is appropriate in this Court. Stated briefly, it is clear from the information before the Court that all of the events underlying Plaintiff's claims occurred in other states, specifically, Wisconsin, Georgia, and Illinois. Moreover, the employment contract at issue did not require Plaintiff to live in South Carolina or direct his work at South Carolina. Based on the unrefuted information of record, therefore, the Court finds that the District of South Carolina is not a proper venue for this action.

## III. <u>Transfer in the Interest of Justice</u>

In their motion to dismiss, Defendants alternatively ask the Court to transfer this action to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962). "[T]he 'interest of justice' requires 'removing whatever obstacles may impede an expeditious and orderly adjudication of cases

and controversies on their merits.' " *Levi v. Harris Teeter, LLC*, No. 4:16-CV-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *report and recommendation adopted*, No. 4:15-CV-01083-RBH, 2016 WL 4911047 (D.S.C. Sept. 15, 2016) (citing *Goldlawr*, 369 U.S. at 466-67 (1962)).

Plaintiff does not address this argument in response to Defendants' motion. After considering the issue, however, the Court finds that because Plaintiff's complaint would be subject to dismissal if it is not transferred, and because the sources of proof, including witnesses and other evidence related to Plaintiff's employment, are located in Wisconsin, the interest of justice supports a transfer of this action to the Eastern District of Wisconsin. *See also Neal v. Cigniti Techs., Inc.*, No. 0:18-CV-00262-JMC, 2018 WL 5719995 (D.S.C. Nov. 1, 2018) (finding transfer, rather than dismissal, of a case to be the appropriate remedy where dismissal would present "an unconquerable obstacle that would impede adjudication of Plaintiff's claim on the merits"); *Nichols v. G.D. Searle & Co.*, 1991 F.2d 1195, 1201 (4th Cir. 1993) (finding that the decision to transfer venue pursuant to § 1406(a) rests within the sound discretion of the district court); *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988). Based on the foregoing, the Court hereby transfers this action to the United States District Court for the Eastern District of Wisconsin.

## **CONCLUSION**

For the foregoing reasons, the Court finds that it cannot exercise personal jurisdiction over Defendants and that this forum is not the proper venue for this action. However, rather than dismissing the action, the Court finds that transfer to a proper forum is the appropriate remedy. Accordingly, the Court grants Defendants' motion (ECF No. 9)

11

and transfers this action to the United States District Court for the Eastern District of Wisconsin.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 31, 2021
Charleston, South Carolina