# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DOUGLAS W. HIGGINS,

      Plaintiff,

    v.                                  Case No. 21-CV-1021

TRU SERVICE GROUP, INC.,

      Defendant.

---

## ORDER

---

On December 8, 2022, defendant Tru Service Group, Inc. moved for summary judgment (ECF No. 69), submitting with its motion a supporting memorandum of law (ECF No. 70), a statement of facts (ECF No. 71), and seven supporting exhibits (ECF Nos. 71-1, 71-2, 71-3, 71-4, 71-5, 71-6, 71-7). On January 10, 2023, plaintiff Douglas Higgins, through counsel, submitted a response brief in opposition to Tru Service's summary judgment motion (ECF No. 89) and responses to Tru Service's statement of facts (ECF No. 90). On January 24, 2023, Tru Service submitted its reply in support of its summary judgment motion. (ECF No. 93.) In the first part of its reply Tru Service details problems with Higgins's response brief and his responses to its statement of facts.

**1.      Higgins's Response Brief (ECF No. 89)**

Tru Service points out that Higgins makes factual assertions throughout his response brief, "yet [his] entire response only contains three (3) citations to his Statement of Facts." (ECF No. 93 at 1.) Higgins's failure to support his factual assertions with citations to his Statement of Facts violates Civil Local Rule 56(b)(6), which provides that "[a]ssertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph in the statement of facts, statement of additional facts, or statement of stipulated facts." Moreover, the three citations that Higgins does include in his response brief are all to the third fact in his statement of facts. (ECF No. 89 at 4 (citing ECF No. 85 at ¶ 3).) And that fact cites to an exhibit which never became part of the record and which Tru Service cannot view because Higgins improperly filed it under seal.[1] (ECF No. 85 at ¶ 3 (citing to ECF No. 72-2).)

Tru Service managed to identify the correct exhibit which Higgins cites in support of the fact. (ECF No. 78-2.) However, it contends that the cited portion does not

---

[1] Higgins also moved for summary judgment on December 9, 2023. (ECF No. 73.) With his motion Higgins moved to seal certain exhibits which were filed in support of his statement of facts. (ECF No. 72.) Due to Higgins's failure to comply with General Local Rule 79(d)(2), the court denied Higgins's motion to seal, requiring Higgins to refile his exhibits by submitting "two versions of each document for which he seeks redaction—an unredacted version that will be restricted and a second version that will be viewable by the public but redacts the portion of the document that is confidential." (ECF No. 75 (citing Gen. L.R. 79(d)(2)).) Because Higgins filed his supporting exhibits under seal the first time around, those exhibits (ECF Nos. 72-1, 72-2, 72-3, 72-4, 72-5, 72-6, 72-7, 72-8, 72-9) were not viewable by the defendant, and, thus, did not become part of the record. Only when Higgins correctly refiled his exhibits and moved to restrict certain portions of them (ECF Nos. 78-1, 78-2, 78-3, 78-4, 78-5, 78-6, 78-7, 78-8, 78-9) did they become viewable by Tru Service and part of the record. Certain proposed facts in Higgins's Statement of Facts (ECF No. 85 at ¶¶ 3, 11-17, 20-27)—including the proposed fact contained in ¶ 3—cite to the exhibits which Higgins incorrectly filed under seal in ECF No. 72 instead of those he correctly filed in ECF No. 78.

2

support Higgins's proposed fact. (ECF No. 87 at 14.) Having reviewed the proposed fact (ECF No. 85 at ¶ 3) and the portion of the exhibit which Higgins claims lends support (ECF No. 78-2 at 29:1-4, 30:1-6, 38-39), the court agrees with Tru Service.

Because of Higgins's failure to comply with Civil Local Rule 56(b)(6), Tru Service urges the court to ignore any unsupported factual assertions in Higgins's response brief. The purpose of Civil Local Rule 56(b)(6) is to allow the court to easily assess whether a factual assertion is disputed. *Haymer v. Racine Fam. YMCA*, No. 20-CV-1846, 2022 WL 2238891, at *1 n.1 (E.D. Wis. June 22, 2022) (citing *Joyce v. Milwaukee Cylinder*, No. 18-CV-1790, 2020 WL 5633264 (E.D. Wis. Sept. 21, 2020)). A court should not have to resort to digging through the record in search of evidence to support a party's claim. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006); *Castellano v. Mahin*, No. 17-cv-598, 2018 WL 654451, at *2 (E.D. Wis. Jan. 31, 2018).

But this court has discretion to apply its local rules strictly or to grant parties some leeway. *See Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) (citing *Ammons v. Aramark Unif. Servs., Inc.*, 369 F.3d 809, 817-18 (7th Cir. 2004)); *see also Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) ("[I]t is clear that the decision whether to apply the [local] rule strictly or to overlook any transgression is one left to the district court's discretion."). And Federal Rule of Civil Procedure 56(e) grants courts flexibility in deciding how to address a party's failure to properly support a factual assertion. *See*

Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact … the court may: (1) give an opportunity to properly support or address the fact[.]").

For the court to dispose of this case due to a lawyer's failure to consult and adhere to the local rules—without the court having a thorough understanding of whether the record supports such a result—would be a harsh outcome for the plaintiff. Therefore, the court will give the plaintiff the opportunity to amend his response brief to properly support any factual assertions with citations to the record.

**2.     Higgins's Responses to Tru Service's Statement of Facts (ECF No. 90)**

Tru Service also notes that Higgins violated certain Local Rules in attempting to dispute many of Tru Service's proposed facts. Such errors include: (1) disputing certain facts and citing to the exhibits in ECF No. 72, which plaintiff incorrectly filed under seal (ECF No. 90 at ¶¶ 16, 17, 25, 34, 46, 47); (2) disputing certain facts but failing to specify which part of the ECF record he is referencing as support for the dispute (ECF No. 90 at ¶¶ 17, 39, 65); (3) admitting certain facts but then proceeding to dispute them (ECF No. 90 at ¶¶ 41, 49, 55, 60, 91); (4) admitting certain facts but then conditioning his admissions (ECF No. 90 at ¶¶ 20, 74); (5) disputing certain facts but then offering evasive responses that fail to demonstrate an actual dispute (ECF No. 90 at ¶¶ 17, 25, 28, 29, 31, 34, 35, 39, 42, 45, 46, 47, 59, 67, 69, 75, 85, 90); and (6) disputing facts but failing to offer a citation to support the dispute or a citation that actually supports the dispute as

alleged (ECF No. 90 at ¶¶ 11, 16, 17, 25, 28, 29, 34, 35, 38, 39, 42, 45, 46, 47, 58, 65, 69, 75, 85, 87, 90).

In light of these errors—which flout Civil Local Rules 56(b)(2)(B)(i), 56(b)(2)(C), and 56(b)(4)—Tru Service asks that the court deem the entirety of its statement of facts admitted pursuant to Civil Local Rule 56(b)(9). *See* Civ. L.R. 56(b)(9) ("Failure to comply with the requirements of [Civil Local Rule 56(b)] may result in sanctions up to and including the Court denying or granting the motion."). Federal Rule of Civil Procedure 56(e) provides that a "[i]f a party … fails to properly address another party's assertion of fact … the court may: (1) give an opportunity to … address the fact[.]" The court will also provide Higgins with an opportunity to amend his responses to Tru Service's statement of facts.

**IT IS THEREFORE ORDERED** that within 14 days of this order the plaintiff shall amend his response to the defendant's motion for summary judgment (ECF No. 89) and his response to the defendant's statement of facts (ECF No. 90) to remedy the defects discussed herein. Failure to do so will likely result in the court disregarding any unsupported factual assertions in plaintiff's response brief and deeming the entirety of defendant's statements of facts admitted.

Dated at Milwaukee, Wisconsin this 8th day of February, 2023.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge